Benjamin Lanard and Jacob H. Axilbund, Co-Partners Trading as Lanard and Axilbund, Appellants, *v.* Thomson Printing 'Company, a Corporation of the State of New Jersey.

*Real estate —Rentals —Commissions —Brokers —Judgment non obstante veredicto.*

In an action of assumpsit for commissions alleged to have been earned on the rental of real estate, a verdict in favor of the brokers cannot be sustained where there is no evidence of the employment of the brokers by the owners.

A mere volunteer is not entitled to rental commissions, although he brings the parties together, and is the efficient means of closing the rental contract.

The sending of postal cards announcing to the broker, as well as to many other real estate brokers, that the owners had a property for rent, is merely a notice, and cannot be considered a contract of employment.

Argued October 14, 1924.   Appeal, No. 53, Oct. T., 1924, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1922, No. 7845, in favor of defendant non obstante veredicto in suit of Benjamin Lanard and Jacob H. Axilbund, co-partners, trading as Lanard and Axilbund, v. Thomson Printing Company, a corporation of the State of New Jersey.   Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover commissions alleged to have been earned in the rental of real estate.   Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiffs in the amount of $612.   Subsequently the court entered

judgment in favor of defendant non obstante veredicto. Plaintiffs appealed.

*Error assigned* was the entry of judgment non obstante veredicto.

*Walter B. Gibbons,* and with him *Daniel C. Donoghue,* for appellants.

*J. L. Wetherill,* of *White & Wetherill,* for appellee.

OPINION BY GAWTHROP, J., December 12, 1924:

Plaintiffs were one of one hundred real estate brokers who were notified by defendant by postal card on or about the 25th of September, 1922, that it had for rent the second floor of a building located at 1025-27 Callowhill Street, Philadelphia.   On October 10, 1922, they wrote defendant advising it that they had a prospective tenant, Jacob Rubin, at the building; that he was interested in renting the second floor thereof, and that they would get in communication with defendant the next morning for the purpose of trying to work out a deal with Rubin.   On October 11th John C. Thomson, treasurer of the defendant corporation, and Samuel Y. Thomson, its president, in response to plaintiff's request by telephone, attended a conference at plaintiffs' office, at which Rubin was present.   Rubin offered to rent the second floor of the building at $4,500 per year. The Thomsons refused the proposition and said they would not take less than $5,000 per year.   Nothing further was done at that time, but Clark, plaintiff's representative, kept in touch with Rubin, endeavoring to get him to offer $5,000 per year.   On October 20th Rubin told Clark he had rented the floor.   There was evidence that as early as June, 1922, Harry C. Lieberman & Company brought Rubin's attention to the fact that the

floors in this building were for rent, and that through negotiations with Lieberman & Company defendant leased the second floor of the building to Rubin on October 20, 1922, at an annual rental of $4,708. Plaintiffs made a demand on defendant for a commission of five per cent of the first year's rental and two per cent of the rental for the balance of the term. The right to any compensation was denied and, as a result, this suit was brought. A trial ended in a verdict for plaintiffs. Subsequently the court below entered judgment for defendant n. o. v. This appeal is brought to challenge correctness of that action.

The reason stated by the learned trial judge in support of his action was that there was no evidence of an employment of plaintiffs by defendant, and that plaintiffs were merely volunteers. A careful examination of the evidence has satisfied us that the statement of the learned judge was fully warranted. No witness testified that defendant ever requested plaintiffs to secure a tenant. Plaintiffs contend that being real estate brokers they had a right to assume that, when they received defendant's postal card giving notice of a desire to rent the second floor of the building, this was an offer to them by defendant to pay a fair compensation if they secured a tenant for the premises described in the notice, and that defendant's subsequent conduct amounted to an acceptance of plaintiffs' agency. We cannot assent to that proposition. The postal card amounted to no more than a notice that defendant had a property for rent. It did not authorize plaintiffs to secure a tenant. Nor was there anything in the entire conduct of defendant from which the jury might fairly infer that plaintiffs' agency to secure a tenant was accepted. The legal principles controlling the present situation are clearly established by many authorities. A mere volunteer is not entitled to commissions though he brings the parties together and is the efficient means of producing the sale. Even a broker, whose business is to bring buyer and

seller together, must establish his employment as such, either by previous authority or by the acceptance of his agency and the adoption of his acts: Samuels v. Luckenbach, 205 Pa. 428; Henderson v. Sonneborn, 30 Pa. Superior Ct. 182; Keys v. Johnson, 68 Pa. 42; Earp v. Cummins, 54 Pa. 394. It is unnecessary to consider whether there was sufficient evidence to submit on the question whether plaintiffs procured the sale. Even if their actions were the efficient cause of the sale there could be no recovery, if there was no employment.

The judgment is affirmed.