Good, Appellant, *v.* Capital Bank & Trust
Company et al.

Argued January 4, 1940. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, BARNES and PATTERSON, JJ.

*Gilbert Nurick,* with him *Sterling G. McNees,* of *Mc-
Nees, Hollinger & Nurick,* and *James H. Booser,* for
appellant.

354

*George H. Hafer*, with him *Arthur H. Hull*, of *Snyder, Hull, Leiby & Metzger*, for appellee trust company.

*R. D. Hospers*, for appellees.

*Thomas D. Caldwell*, with him *Robert T. Fox, Carl B. Stoner*, of *Caldwell, Fox & Stoner*, and *Maurice Yoffee*, for intervenor.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, February 1, 1940:

The learned chancellor dismissed plaintiff's bill seeking specific performance of a contract for the sale of real estate with Capital Bank & Trust Company, acting as trustee, on the ground that as the Bank, after entering into the agreement, had received a higher offer from another, it must dispose of the property upon the highest terms possible to be obtained. The chancellor cited *Clark v. Provident Trust Co.*, 329 Pa. 421, 198 A. 36, as in his opinion controlling.

We think there is another reason than the one assigned for dismissal of the bill. The Bank was trustee for the holders of bonds secured by a mortgage against the property. The mortgage was foreclosed and the Bank acquired the property at the sale. In the depository agreement under which the bondholders turned their bonds over to the Bank, it was provided that the Bank should endeavor to accomplish a sale of the property "such sale, however, to be consummated only after due notice given to participants." In the agreement of sale with plaintiff, it is set forth that it is made "subject to the approval of participants whom it represents as Trustee. Seller will attempt to obtain the consent of the said participants to the sale of the real estate herein described, but in the event that said participants shall fail to approve such sale, Seller may terminate this agreement by refunding to Buyer the amount paid on account of the purchase price." The holders of 86% of the participation certificates had approved the sale,

8% had disapproved, 2% had come to no conclusion and 4% had not indicated their attitude when the substantially higher offer was received. After notice to plaintiff of the higher offer, the Bank received sealed bids from him and two others. His bid was not the highest. The Bank returned his deposit and refused to consummate the sale to him. As the agreement was terminated, under its express terms plaintiff cannot have specific performance: 58 C. J. 884; 5 Williston on Contracts, 3974; 3 Bogert, Trusts and Trustees, 2200.

Decree affirmed at appellant's cost.