## Hoerner v. Union Trust Co. of Pennsylvania et al.

David Putney, William M. Young, and S. S. Rupp, for plaintiff.

Joseph Nissley, for defendants.

WICKERSHAM, J., August 5, 1940.—This case is before us on defendants' answer raising preliminary objections to plaintiff's bill in equity.

The bill of complaint alleges, inter alia, that plaintiff was the owner of certain premises in Harrisburg Manor, Lower Allen Township, Cumberland County, by virtue of a deed dated October 15, 1925, upon the purchase of which he executed and delivered a bond and mortgage in the sum of $3,000 in favor of Union Trust Company of Pennsylvania; that said premises were thereafter sold; that on July 17, 1935, the trust company entered judgment on said bond, issued execution, and purchased the premises at sheriff's sale on September 13, 1935, taking title in the name of the trust company as trustee; that one week prior to the filing of his bill, plaintiff learned these premises were about to be conveyed to defendant Martin and that the trust company would hold plaintiff for the difference between the sale price and the mortgage, plus costs of sheriff's sale; that plaintiff attempted to learn from the trust company the amount of the selling price but was refused any information, whereupon he made an offer of $3,000 for the premises, accompanied by a check for $300, which was refused by the trust company; that defendant trust company is trustee of said premises for bondholders (estates of minors), and admitted the sale to defendant Martin was at a loss, while plaintiff's offer was for the face of the mortgage. Plaintiff, averring he has no adequate remedy at law, seeks equity to compel defendant trust company, as trustee, to sell for the best price, and to save himself from irreparable loss by being

compelled to pay the loss to the trust company without having the opportunity to place a bid for said premises.

Defendants' answer raising preliminary objections alleges: (1) Plaintiff has not set forth any interest in the cause of action which would entitle him to equitable relief; (2) plaintiff has insufficiently averred the facts set forth in paragraph 10 of the bill, since he fails to set forth the specific consideration and fails to set forth the facts upon which he bases the averment that the contract of sale, which was entered into between the defendants Martin and the trust company, was "grossly inadequate"; (3) that upon the facts averred in the bill plaintiff is not entitled to the relief prayed for; (4) that upon the facts averred in the bill, plaintiff has adequate remedies at law in that in the event he suffers legal damages as a result of the trust company's action he can assert his claim against the trust company in an action of assumpsit, or he may petition to open the judgment, or if proceedings are instituted by the trust company on said judgment he can assert his defense in said proceedings; and (5) plaintiff is guilty of laches. Defendants pray for the dismissal of plaintiff's bill.

### Discussion

Defendants' first preliminary objection is that plaintiff has not set forth any interest in the cause which would entitle him to equitable relief.

It is conceded that, under the facts in this case, defendant bank has an unquestionable right at law to compel plaintiff to pay it the difference between the undisclosed purchase price and the face of the mortgage, plus costs of sheriff's sale. Plaintiff contends, however, that to such an action at law he can only object to the amount of credits given him; that a defense that there was a higher offer for the property cannot be used at law; that at common law the rights between plaintiff and the bank are fixed as soon as the property is sold, and even though plaintiff may have a remedy by action in assumpsit, it would not be enough. Plaintiff also contends that he does not have

even a remedy in assumpsit and that he can save himself only by asking for equitable relief. See Bierbower's Appeal, 107 Pa. 14, 17, and Brush Electric Co.'s Appeal, 114 Pa. 574, in which it was held:

"Equitable jurisdiction does not depend on the want of a common law remedy, for, while there may be such a remedy, it may be inadequate to meet all the requirements of a given case, or to effect complete justice between the contending parties. A bill may be sustained solely on the ground that it is the most convenient remedy. The exercise of chancery powers must often depend on the sound discretion of the court."

Plaintiff further contends that defendant trustee bank is acting in a manner which would lead him to believe that it intends to harm him in this sale because it has refused to disclose the sale price, and that this is a fraud upon plaintiff, and is the very kind of conduct which invokes the jurisdiction of equity. In this contention he relies upon the authority of Wagner v. Fehr, 211 Pa. 435, where it is stated (p. 438) :

"In cases of fraud, where the remedy at law is inefficient and inadequate to do complete justice between the parties, the court will not refuse to exercise its chancery jurisdiction. . . . 'Apart from statutory limitations, the better opinion would seem to be that the cognizance of every case of fraud . . . belongs to the court of chancery even though there may be a complete remedy at law.' "

See also Poinsard v. Poinsard et al., 117 Pa. Superior Ct. 313, 317, Compton, etc., v. International Harvester Co. of America, 31 Dauph. 249, and Prudential Insurance Co. v. Ordonoff, 40 Dauph. 227, which are substantially to the same effect.

We are convinced that plaintiff has sufficiently set forth his interest in the cause of action and the first preliminary objection is dismissed.

The second preliminary objection to the bill is that plaintiff has insufficiently averred the facts set forth in

paragraph 10 of the bill. We think under Equity Rule 48 this objection is not sound. In Hershey et al., etc., v. Brotherhood's Relief and Compensation Fund et al., 31 Dauph. 50, we stated (p. 53):

"An answer raising the question of the sufficiency of the averments of the bill is not within the purview of subdivision 7 of Rule 48. That rule contemplates a defense to the claim and not an allegation of the weakness or insufficiency of the averments of the bill to sustain the action."

We think this objection must also be dismissed.

The third preliminary objection is that, upon the facts averred in the bill, plaintiff is not entitled to the relief prayed for.

It appears from the bill that the trustee has executed a contract, for an undisclosed price, to sell certain real estate. Plaintiff offered $3,000 which was refused because the trustee was bound by a contract to sell to another. At the oral argument plaintiff's attorney stated that defendant bank had admitted to him that plaintiff's offer was higher than the price for which it contracted to sell to another. It is also alleged in the bill that estates of minors and others were interested in this transaction.

In Orr's Estate, 283 Pa. 476, 479, it is stated:

"It is true that specific performance of contracts of sale of real estate will ordinarily be enforced, notwithstanding inadequacy of price, where there has been no fraud or unfairness in the transaction, so as to make such an order inequitable: Welsh v. Ford, 282 Pa. 96. When, however, we deal with the estate of a decedent, over which the court exercises a supervisory control for the benefit of all interested, it is well recognized that not only the power, but also the duty, exists to see that a fair value is received: Fricke's Est., 16 Pa. Superior Ct. 38; Schnebly's Est., 249 Pa. 208. . . . Here, the second bid, accepted by the executor is $3,500 in excess of the one made by Deitrich, and was properly approved."

From the above authority we think it is clear that the court has control over contracts such as that referred to in this case when fiduciaries are involved. Defendant bank in this case is a trustee for the bondholders, among which are estates of minors.

In McCullough's Estate, 292 Pa. 177, 181, it was stated:

"The instant case presents not a completed transaction but merely an agreement to purchase, with about five per cent of the consideration paid and a year for settlement. The legal title had not passed. Had the consideration been paid or secured and deed delivered, a different question would be presented."

Also in the instant case the sale has not been consummated.

In Hays' Estate, 286 Pa. 520, 528, the court approved the sale of a minor's interest in real estate to the second and higher bidder, although a contract had previously been made. It was there stated (p. 528):

"In the present case, a much larger sum was offered than that proposed to be given by Whitcomb, and the court refused to accept the bid of the latter, since it was manifestly not to the interest of the minor . . .".

In the instant case estates of minors are interested in this sale because they hold participations in the mortgage; and defendant bank took title to the property as trustee for these minors.

In Clark et al. v. Provident Trust Co. of Phila., Trustee, et al., 329 Pa. 421, it was held:

"A trustee has the duty to dispose of trust property upon the most advantageous terms which it is possible for him to secure for the benefit of the estate which he represents."

And in Good v. Capital Bank & Trust Co. et al., 47 Dauph. 414, affirmed in 337 Pa. 353, this court held:

"A trustee must dispose of trust property upon the most advantageous terms which it is possible for him to secure for the benefit of the estate which he represents."

We are of opinion that the bill of complaint alleges sufficient facts which, under the above authorities, would entitle plaintiff to proceed to a hearing of this case on its merits; therefore, the third preliminary objection is dismissed.

We think the fourth objection, that plaintiff has an adequate remedy at law, has been disposed of by us heretofore in our discussion of the first objection. The fourth objection is therefore dismissed.

The fifth objection is that plaintiff is guilty of laches. On this question it appears from the bill that plaintiff had no knowledge of the sheriff's sale on the bond and mortgage he executed to defendant bank; that on August 14, 1926, plaintiff parted with title to the property covered by said bond and mortgage; that the sheriff's sale was held in Cumberland County on September 13, 1935; that plaintiff had no knowledge of this sale, or that the bank was going to hold him for the deficiency on the judgment until a few days before his bill of complaint was filed. As no right of action would accrue against plaintiff for the deficiency until the resale of the property, we think plaintiff cannot be guilty of laches in asserting a right when none had accrued.

In Bangert v. Provident Trust Co., Exec., et al., 314 Pa. 442, it was stated (p. 446) :

" 'The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his proceeding . . .'".

This is not a case of laches where plaintiff has slept on his rights, and then attempts to make claims against a dead man's estate. Here no rights accrued until the bank made a contract to sell, and after a higher offer was made by plaintiff which was refused by the bank. We think the fifth objection must also be dismissed.

And now, August 5, 1940, it is ordered, adjudged, and decreed that defendants' answer raising preliminary objections to plaintiff's bill of complaint is dismissed, and defendants are directed to file an answer to the bill of complaint on its merits within the time prescribed by law.