## In re Farmers Trust Company of Lancaster

*Alexander T. Stein,* for exceptant.
*F. Lyman Windolph* and *Paul A. Mueller,* contra.

WISSLER, J., October 29, 1943.—This is an audit of the first and final account of Farmers Bank & Trust Company of Lancaster, substituted fiduciary for participants in a mortgage of $85,000, given by Albert B. Smith and Oscar A. Smith to the Farmers Trust Company of Lancaster. To this account Samuel D. Stein, as claimant, filed an exception, as follows:

"The accountant has failed to pay to exceptant and claimant the sum of $1,571 due him as real estate broker as and for commissions in the sale of premises 20-22-22½ East King Street, Lancaster, Pa., which sale was effected by exceptant and claimant, a duly licensed real estate broker for and on behalf of accountant, the sale price of the premises being $45,700 and the commission claimed being at the rate of five percent on the first $10,000 and three percent on $35,700, or a total of $1,571."

From the uncontradicted testimony taken at the audit of the account on July 9, 1943, it appears that Samuel D. Stein is a duly-licensed real estate broker in the City of Lancaster, Pa., and that the accountant, the Farmers Bank & Trust Company of Lancaster, placed the property, 20-22-22½ East King Street, Lancaster, Pa., for sale with members of the Real Estate Board of Lancaster, of which board claimant was a member; that claimant procured Harry Chertcoff as a purchaser at the price of $35,000 and an agreement was entered into between the trustee bank and the purchaser, Harry Chertcoff, which agreement, among other things, provided:

"This agreement of sale and any liability hereunder is subject not only (*a*) to approval and confirmation

by the Court of Common Pleas of Lancaster County, Pa. . . . ," and, "A realtor's commission of $1,430 will be paid to Samuel D. Stein by the seller if, but only if, this private sale is confirmed and consummated."

This agreement of sale was not confirmed by the court of common pleas and subsequently a second agreement was entered into between the same parties for the same property at a purchase price of $41,000, subject to the approval of the court, and was likewise not confirmed by the court, whereupon it ordered a public sale of the property to be held March 8, 1943; claimant had his original purchaser, Harry Chertcoff, at the public sale and the said Harry Chertcoff became the purchaser at said sale at a price of $45,700, which sale was subsequently approved and confirmed by the court. Claimant now claims his real estate commissions on the public sale price at the rate of five percent on the first $10,000 and three percent on the balance of $35,700, or a total commission of $1,571.

The sole question of law involved in this case is whether a realtor, where he, as agent for a trustee bank for the sale of real estate, obtains an agreement of sale for the bank, which agreement is not confirmed by the court, then obtains a second agreement of sale at an advanced price from the same purchaser and this agreement is not confirmed by the court, and then at a public sale ordered by the court had the original purchaser there, who became the purchaser at said sale at an increased price, is entitled to a commission on the sale price at said public sale.

An executor or other trustee acts in a representative capacity and persons dealing with him are bound to be cognizant of the extent of his powers: Moore v. Trainer, 252 Pa. 367 (1916).

A trustee has the duty to dispose of trust property upon the most advantageous terms which it is possible for him to secure for the benefit of the estate which he or it represents: Clark et al. v. Provident Trust Com-

pany of Philadelphia, Trustee, et al., 329 Pa. 421 (1938); Good v. Capital Bank & Trust Co. et al., 337 Pa. 353 (1940).

As both agreements of sale prior to the public sale contained the provision that the sale was subject to the confirmation of the Court of Common Pleas of Lancaster County, claimant knew that he was entitled to his commissions only if the agreements of sale were approved by the court. Claimant contends, however, that having obtained Harry Chertcoff, his client, as the purchaser under both agreements, and then later being instrumental in having him become the purchaser at the public sale of the same property at an increased price, he is entitled to the regular real estate commissions on the public sale price. This contention raises the unique question whether or not a real estate broker is entitled to commissions for producing a purchaser at a public sale.

While it is true that, where a real estate broker procures a customer with whom the owner of the real estate is willing to contract, the commission is earned without reference to the outcome of the sale (Lieberman et. al. v. Colahan, 267 Pa. 102 (1920)), there is an exception to this general rule when dealing with a fiduciary. In Ladner's Real Estate Conveyancing 515, sec. 194(a), it is stated:

"We must start with the proposition that no commissions are recoverable unless the broker has first been employed. A mere volunteer is not entitled to commissions though he bring the parties together (Lanard et al. v. Thompson Printing Co., 84 Pa. Super. Ct. 199—1924). There must be an employment to constitute the broker an agent (Lamb v. Elder, 56 Pa. Super. Ct. 522—1914)."

There is no evidence in the instant case that claimant was employed by the owner to produce Harry Chertcoff, the ultimate purchaser, at the public sale,

Even if there had been such an employment, no authorities have been presented to the court, nor has it been able to find any authorities, which would sanction the employment by the fiduciary of a broker to obtain a purchaser for any real estate offered by it at public sale.

While it is true that in Hildebrand's Estate, 47 D. & C. 537 (1943), the court allowed a real estate agent the sum of $100 as asked for by the executrix and her counsel for aid in procuring bidders at the public sale of the real estate, one tract of which was purchased by a person induced by the real estate agent to come and bid, where it further appeared the agent was continually in touch with the executrix and her counsel relative to the sale of the real estate and handling of the same before it was sold, in this case there is nothing to indicate that the real estate agent claimed a fixed commission on the purchase price, and it would seem that the claim of $100 was merely allowed because suggested by the executrix and because it represented the rendering of a general service.

In the instant case, the claim is for a fixed commission on the purchase price paid by claimant's customer at a public sale and, however meritorious the court may feel the claim of this exceptant is, in view of the public policy involved, it is not inclined to establish a precedent such as would be established in allowing this claim. The exception, therefore, is dismissed and the account confirmed.

Participation certificates in this mortgage are held by: (1) Frank E. Sener, Harry E. Stafford, and Elmer Curry, trustees for Grace Evangelical Lutheran Church, amounting to $4,400; (2) Conestoga National Bank of Lancaster, trustee for Minnie G. Thompson Estate, amounting to $5,000; (3) William E. Appleton, amounting to $500; (4) Mrs. Nettie F. Arnold, amounting to $13,500; (5) Carrie M. Stauffer and

Mildred Stauffer Huber, amounting to $1,323.83; (6) Miss Mary E. Huber, amounting to $1,500; (7) Donald F. Ulrich, amounting to $210.62; (8) Helen E. Ulrich, amounting to $187.55; (9) Robert P. Ulrich, amounting to $179.07; (10) Sylvester Ulrich, Jr., amounting to $210.93; (11) Mrs. Christine D. Lorah, amounting to $1,000; (12) Mrs. Nancy H. Reighard, amounting to $2,000; (13) Mrs. Barbara B. Becker, amounting to $1,550; (14) Miss Emma Kauffman, amounting to $1,500; (15) Mary C. Schupp, executrix of Sarah E. Brecht, deceased, amounting to $2,000; (16) Harry S. Gibble, amounting to $9,000; (17) Isaac O. Gibble, amounting to $2,250; (18) Harry H. Shreiner, amounting to $5,000; (19) Mrs. Martha S. Brown, amounting to $1,200; (20) Sarah Ann Hertzler's Trustees, amounting to $500; (21) Conestoga National Bank of Lancaster, guardian of George E. Ulrich, amounting to $211.83, and (22) Mrs. Bernice G. Fraser, amounting to $2,250. The aggregate principal amount of these participations is $55,473.83. The interest of the Farmers Trust Company of Lancaster in the principal of the mortgage held by Farmers Bank & Trust Company as liquidating trustee is now $29,526.17. At the audit it was agreed and made part of the record that the form of the participation certificates issued against this mortgage "is identical with the form of the participation certificate issued to Florence H. Apple and passed upon by the court in the matter of the first and final account of Farmers Trust Company of Lancaster, as trustee for participants in the mortgage given by Joseph H. Roehm to Farmers Trust Company of Lancaster, Trust Book No. 32, p. 450. Farmers Bank & Trust Company of Lancaster, as liquidating trustee, claims in this proceeding the same right to participate pro rata with the other participants as was unsuccessfully asserted at the time of the audit of the account in respect to the Roehm mortgage. It is agreed by claimant that all the evidence

and exhibits submitted in connection with the audit of the account in respect to the Roehm mortgage, so far as the same apply to the present case, may be considered by the court in adjudicating the present account, as if the entire record in the case of the Roehm mortgage, including the opinion of the court, had been offered in evidence at this audit".

· The issue in this audit is the same as in the case of the Roehm mortgage, in which this court filed an opinion on July 29, 1938. The main question is whether the holder of a partial assignment of a bond and mortgage by a trust company in the nature of a mortgage participation certificate, in the absence of a guaranty of the principal and interest thereof, is entitled to priority as against the commercial department of the trust company, the assignor or mortgagee, in the distribution of the proceeds realized from the sale of the mortgaged property where there is a deficiency. Ordinarily, such priority is not allowed. However, in this case, a resolution was passed by the Farmers Trust Company of Lancaster giving priority to the claimants, or certificate holders, as to the Farmers Trust Company of Lancaster itself, after said certificate holders had released the Farmers Trust Company of Lancaster from liability under its original guaranty of the principal and interest of the bond and mortgage against which the participation certificates were issued.

The property covered by the mortgage in question in the amount of $85,000, recorded in Mortgage Book 333, p. 23, was sold for $45,700 to Harry Chertcoff. There is not a sufficient amount available to make full payment to said participants exclusive of the Farmers Bank & Trust Company of Lancaster, liquidating trustee of the Farmers Trust Company of Lancaster. For the reasons hereinbefore stated, no award of principal is made to said Farmers Bank & Trust Company of Lancaster, liquidating trustee of Farmers Trust Com-

pany of Lancaster, and the entire balance of principal and income for distribution is distributed among the other participants in the mortgage.

And now, October 29, 1943, distribution is made in accordance with the foregoing opinion.