## Lancaster County Farmers National Bank Appeal.

Argued April 26, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James P. Coho,* for appellant.

*Carl A. Wiker,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 24, 1966:

This appeal is taken from the lower court's decree awarding appellee a broker's commission on the sale price of a property, which property is the subject of an executed contract of sale between appellant and one George Miller and wife. The testimony tended to show that appellee had no specific contract to sell and

that he was never contacted by the appellant and given authorization to sell the property involved. Rather, he contacted appellant to determine if the property was available after he ascertained that the Millers were interested in purchasing it. Appellant had placed a sign on the property indicating that it was for sale and directing interested parties to contact their brokers. Appellee had previously dealt with the appellant, having sold a property for it and having received a commission therefor.

A broker, absent an agreement to the contrary, is entitled to his commission if he procures a person meeting his principal's specifications or with whom a bargain is made and he can prove a contract of employment, either express or implied, or an acceptance or ratification of his acts. *Axilbund v. McAllister,* 407 Pa. 46, 180 A. 2d 244 (1962).

The fact that a broker has previously made a sale and received a commission does not entitle him to a commission on a subsequent sale made by him for the same vendor, if he has not been employed to effect that sale. *Samuels v. Luckenbach,* 205 Pa. 428, 54 Atl. 1091 (1903); Restatement 2d, Agency §43(b), comment b (1958). Thus, the previous transaction, not being sufficiently probative in itself to create a subsequent agency, did not entitle appellee to a commission. Neither was the sign directing prospective purchasers to contact their brokers an offer of employment. In *Lanard and Axilbund v. Thomson Company,* 84 Pa. Superior Ct. 199 (1924), defendant notified approximately one hundred real estate brokers by postal card that it had property to rent. The Superior Court there held that: "The postal card amounted to no more than a notice that defendant had a property for rent. It did not authorize plaintiffs to secure a tenant." The sign in the instant case also was nothing more than a notice that the property was available. It created no agency.

When appellee contacted the appellant to determine if the property was still for sale no agency was created, since this conduct was as consistent with the broker's agency to the purchaser as it was to his agency to the vendor. So also, the signing by appellant's representative of the contract of sale, while a utilization of the efforts of the broker, did not create retroactively a contract of employment requiring the payment of a commission. The procurement of the contract of sale by appellee was not done under any circumstances which would give appellant an indication that in signing the agreement it was undertaking an obligation to pay a commission. In order to obtain a commission, the employment—whether by express or implied contract or by ratification of his conduct—of a broker to obtain a purchaser must be clear. In order to show an employment a broker must sustain the burden of proof that such employment was agreed upon or that his acts were ratified. *Axilbund v. McAllister,* supra.

Here, as a matter of law, there were insufficient facts to create an employment or to give appellant notice of appellee's claim for a commission from it on the sale, and there can be no adoption or ratification of an unknown obligation. *Twelfth Street Market Company v. Jackson,* 102 Pa. 269 (1883); *McRoberts v. Phelps,* 391 Pa. 591, 138 A. 2d 439 (1958); Restatement 2d, Agency, §462, comment b (1958).

Decree reversed. Costs on appellee.

Mr. Justice ROBERTS dissents.