## Goldman v. Schlanger

*John J. Schneider, Woltjen & Kayton,* for plaintiffs.

*Sidney L. Krawitz, of Krawitz, Sigal & Kilroe,* for defendants.

WILLIAMS, P. J., January 14, 1970.—Plaintiffs are licensed real estate brokers. In their complaint they seek to recover from defendants the sum of $8,000, which they claim is due them as commissions arising out of the securing of a purchaser, ready, willing and able to purchase certain real estate owned by defendants which they had exclusively listed with them for sale. They claim that they produced purchasers who not only agreed to the terms stipulated by the defendants but actually signed a purchase agreement, a copy of which is attached to the complaint.

Defendants, who are husband and wife, filed preliminary objections to the complaint. Three of the objections are in the form of a demurrer and two of them are in the form of a motion for specific pleading.

## DISCUSSION

### DEMURRER—FIRST OBJECTION

"The Complaint fails to state a cause of action in that the Offer to Purchase is only an agreement to make an agreement, and no formal contract as required by the Offer to Purchase was ever entered into within fifteen (15) days of the date of the said Offer to Purchase."

It is defendants' contention that the asserted purchase agreement is not, in fact, a purchase agreement but only an offer to purchase which contemplated that a formal agreement would be executed by the parties within a 15-day period.

The asserted purchase agreement is a printed form with blank spaces provided to write in the specific terms of the agreement. Immediately preceding the signatures of the parties thereto appears this printed language.

"This offer, when accepted shall constitute a binding contract of purchase and sale and it shall bind and inure to the benefit of the parties hereto and their respective executors, administrators, distributees, successors and assigns."

While standing by itself, this language would establish a contractual relation between the parties; however, other language inserted in blank spaces on the printed form could well produce a contrary result. There appears in the document this language: "This deposit is taken subject to a formal contract to be entered into within 15 days of the below date." After the printed language "Transfer is to be completed at the office of," then are inserted the words "as per

contract," then the printed words "on or before" followed by the inserted words "as per contract." The printed language states "or as soon thereafter as abstracts can be brought to date, at which time you are to convey to me by," then the inserted words "as per contract." The same words "as per contract" are inserted after the printed language providing for delivery of possession of the real estate.

The language in the purchase offer is inconsistent. Part of it indicates to the mind of the court that the purchase agreement is evidence merely of preliminary negotiations and not an enforceable contract. On the other hand, the instrument specifically states when signed by the parties it constitutes a binding contract between them.

The fundamental question is what was the intent of the parties when they signed this purchase offer? Were they merely agreeing to negotiate or did they, in fact, intend to execute an enforceable purchase agreement?

We are of the opinion that this question of intent may only be resolved by oral testimony; that the court may not conclude as a matter of law from the instrument itself what the parties intended.

In Goldman v. McShain, 432 Pa. 61, 68, the Supreme Court, in dealing with the identical question here presented, said:

"However, in holding as a matter of law that appellants failed to plead a valid contract, we think the court below erred. This Court has long recognized the principle that documents, having the surface appearance of contracts may be in fact evidence of mere negotiating by parties with a view toward executing a binding contract in the future. Should this be the case, of course, such documents cannot form the basis for recovery. See, e.g., Essner v. Shoemaker, 393 Pa. 422, 143 A. 2nd 364 (1958); Onyx Oils & Res-

ins, Inc. v. Moss, 367 Pa. 416, 80 A. 2d 815 (1951); Reich v. Vegex, 51 F. Supp. 99 (E.D. Pa. 1942). However, in each of these cited cases it was only *after trial* that such a conclusion was reached."

### DEMURRER—SECOND OBJECTION

This objection reads:

"The facts alleged in the Complaint do not set forth a contract between Plaintiffs and Defendants."

In support of this objection, the brief submitted by defendants' counsel states: "It is a well settled principle of law that a broker is entitled to his commission when he procures a buyer with whom his principal is satisfied and that buyer contracts in writing for the purchase of the property . . .

"The broker, therefore, must do more than produce a buyer who he says is ready, willing and able. There must be some binding agreement of sale entered into by the parties."

We think this statement of the law is too broad. In Lancaster County Farmers National Bank Appeal, 421 Pa. 448, 450, the court said:

"A broker, absent an agreement to the contrary, is entitled to his commission if he procures a person meeting his principal's specifications or with whom a bargain is made and he can prove a contract of employment, either express or implied, or an acceptance or ratification of his acts. Axilbund v. McAllister, 407 Pa. 46, 180 A. 2d 244 (1962)."

This language does not require the execution of an enforceable contract to allow a broker to recover a commission. He is entitled to a commission "if he procures a person meeting his principal's specifications."

After a broker has performed his part of a contract of employment, it would be unfair to deny him the commission that he has earned because his principal

has decided either not to sell the property or desires to change the terms of sale which he had previously specified.

In effect, we think this objection raises the same fundamental factual issue as is presented by the first objection, that is: What did the parties intend when they executed the offer of purchase? This we have heretofore concluded we cannot determine as a matter of law.

## DEMURRER—THIRD OBJECTION

This objection reads:

"The facts set forth in the Complaint show that the promise made by Plaintiffs to Defendants was not supported by consideration."

Defendants' brief does not specifically discuss this objection. It does state:

"Not only has there not been a sale of the property, but the very terms of such a sale have never been agreed upon by the parties."

No such averment of facts appears in defendants' preliminary objections. The court is without authority to consider any facts outside the record. Before any such facts can be considered, they must be pleaded and verified with an endorsement on the pleading requiring plaintiffs to answer. The court cannot consider statements of facts which appear only in counsel's brief: Lawrence County Housing Authority v. Fireman's Fund Insurance Company, 40 D. & C. 2d 597.

As we stated in our discussion of preliminary objection 2, we are of the opinion that this objection simply states in a different manner the fundamental factual issue in this case: What was the intent of the parties when they executed the purchase offer? This can only be determined after oral testimony taken and cannot be decided simply on the pleadings before us.

## DISPOSITION OF PRELIMINARY OBJECTIONS RAISED BY DEMURRER

Pa. R. C. P. 1028(c) provides:

". . . if an issue of fact is raised the court shall take evidence by depositions or otherwise."

To take depositions prior to trial on the merits would entail the production of extensive testimony and unnecessarily engage the time of the court which is already hard pressed to keep the court calendar current.

As was stated in Lawrence County Housing Authority v. Fireman's Fund Insurance Company, supra, page 600:

"There is also authority for the proposition that when a preliminary objection raises an issue requiring the production of extensive evidence, the court has the discretion to postpone disposition of the matter until trial on the merits: . . ."

We are of the opinion that the proper disposition of the demurrer is to dismiss preliminary objections 1, 2 and 3, and await trial on the merits to develop oral testimony.

## MOTION FOR MORE SPECIFIC PLEADING PRELIMINARY OBJECTIONS 4 AND 5

These objections may be considered as one and, in effect, complain that plaintiffs failed to attach as an exhibit to their complaint a copy of an alleged agreement between plaintiffs and defendants giving plaintiffs the exclusive right and agency to sell defendants' real estate for $100,000 within a period of 90 days. Plaintiffs admit the merit of this objection and attempted to cure the defect in the complaint by filing an answer to the preliminary objections and attaching a copy of the agreement as an exhibit to the answer. This was not a proper method to correct the pleading defect. Pa. R. C. P. 1019(h) requires that a

pleading state specifically whether any claim or defense set forth therein is in writing. If so, the pleader is required to attach a copy thereof to the pleading. The complaint is not in conformity with this rule. The proper procedure is to file an amended pleading within 10 days after service of a copy of the preliminary objections, as provided by Pa. R. C. P. 1028(c).

Accordingly, we enter the following

## ORDER

And now, January 14, 1970, preliminary objections 1, 2 and 3 to the complaint are dismissed. Preliminary objections 4 and 5 to the complaint are sustained. Plaintiffs are given 20 days to amend their complaint and defendants are given a period of 20 days from the date they are served with an amended complaint to plead thereto.